#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
#### NORTHERN DIVISION

**STANLEY ELLIS RAWLS**                                                                        **PLAINTIFF**

VS.                                                             **CIVIL ACTION NO. 3:19-CV-839-CWR-LRA**

**LAVONNE WALLS; CYNTHIA GRIFFIN;
ALVA GREEN, Commissary Manager;
WARDEN J. LAMAR SHAW; CHAZ
WHITE; RICKY SESSION; WARDEN
ANDERSON JOHNSON; and MELANIE
TOWNSEND, Compliance Manager**                       **DEFENDANTS**

#### <u>ORDER</u>

The Defendants have now filed their Answers in this cause, and the affirmative defense of non-exhaustion of administrative remedies has been raised. Under the law regarding cases filed pursuant to 42 U.S.C. § 1983, the issue of whether the prisoner plaintiff has exhausted his administrative remedies must be determined before the case can proceed.

Under the Prison Litigation Reform Act (PLRA): "No action shall be brought with respect to prison ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (42 U.S.C. § 1997e). The Supreme Court has made it clear that exhaustion is an absolute prerequisite and that the administrative remedies should be invoked in a timely manner and pursued to their conclusion. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). The exhaustion must be

completed before a federal lawsuit is filed; it is irrelevant if the exhaustion process is completed during the federal proceedings.  *See, Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam).

Before an omnibus hearing is conducted, or discovery is ordered, the Defendants must either concede the issue of exhaustion or file a dispositive motion on those grounds. Plaintiff will then be given an opportunity to respond to the motion in writing, setting forth the reasons he believes he has completed the exhaustion process.   A ruling will be entered on the motion before further proceedings are scheduled.   It may or may not be necessary for the Court to conduct a hearing on the motion.

IT IS, THEREFORE, ORDERED that any Defendant who has not already filed a dispositive motion on the issue of exhaustion shall either concede the issue or file a dispositive motion on this basis on or before October 30, 2020.   Plaintiff shall file his written response to the motion on or before 14 days after the motion is filed; Defendants' reply shall be due 7 days after the response.   Plaintiff is warned that his failure to file a written response to the motion may result in a finding that he has conceded the factual allegations set forth in Defendants' motion.

SO ORDERED, this the 15th day of October, 2020.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

2