**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**STANLEY ELLIS RAWLS**                                                                              **PLAINTIFF**

**VS.**                                                              **CIVIL ACTION NO. 3:19-CV-839-CWR-LRA**

**LAVONNE WALLS; CYNTHIA GRIFFIN;
ALVA GREEN, Commissary Manager;
WARDEN J. LAMAR SHAW; CHAZ
WHITE; RICKY SESSION; WARDEN
ANDERSON JOHNSON; and MELANIE
TOWNSEND, Compliance Manager**                                              **DEFENDANTS**

**REPORT AND RECOMMENDATION OF
OF UNITED STATES MAGISTRATE JUDGE**

Stanley Rawls filed his Complaint against several people employed by the Mississippi Department of Corrections who worked at the Yazoo Regional Correctional Facility, alleging multiple unrelated claims. The Defendants have filed motions for summary judgment, arguing that Rawls failed to exhaust his administrative remedies and that, therefore, the claims against them should be dismissed [Docs. #42, #46, and #49]. For the reasons that follow, the undersigned is of the opinion, and so recommends, that these claims be dismissed.

Rawls complains about a shakedown done on October 24, 2019, at that facility, as a result of which he claims that he was required to wait naked and barefoot in an unsanitary shower area. After the search, he began to have problems with his feet, which he contends were the result of standing in that shower. Rawls says that he had made multiple requests for medical care to Defendant Nurse Cynthia Griffin that were ignored. His claims against Griffin are based on his failure to receive medical care.

Rawls named Defendant Townsend because she is the Compliance Manager at YRCF, and she is responsible for inspecting the conditions at the facility. Rawls claims that Townsend does not actually personally inspect the facility to see if it is being kept up to the proper standards. Rawls asserts that the sinks are stopped up, the urinals do not work, the toilets are stopped, the shower is filthy, and there is so much mold on the floor that it is slippery. He says that, rather than inspecting the facility, Townsend walks through the hallway with the wardens, not stopping to talk to any inmates.

Rawls also claims that commissary funds that he had at the Issaquena Regional Correctional Facility were never transferred to Yazoo County Regional when he was moved to that facility. He says that he complained to the YCRCF Commissary Manager, Defendant Alva Green, but he never got a response. According to Rawls, Green refuses to contact the proper authority to retrieve his funds, and he believes that she is stealing money from inmates.

Rawls claims that Marilyn Hathorne, who is employed as Program Manager at YRCF, does not actually teach the classes that she is responsible for teaching, but has untrained inmates teach those classes. Rawls refers to Hathorne as a Defendant; however, her name does not appear on any list of defendants in the Complaint. Rawls says that Warden Lamar Shaw and Deputy Warden Chaz White, who are listed as Defendants, were aware of this activity and approved of it. Rawls complains of another incident involving "Defendant Ms. Carr" who is the facility's Mail Inspector. Carr does not appear in any list of Defendants. According to Rawls, Carr opened his legal mail outside his presence.

Rawls named Larance Williams as a Defendant, and his claim against Williams involves his parole date. Rawls claims that he should have been released to a detainer on August 28,

2

2019. He believes that Williams has failed to contact the appropriate people to obtain his release. This issue seems to constitute the bulk of Rawls's complaints, and most of the documents that have been filed in this Court relate to that subject.

Finally, Rawls sued Lavonne Walls, the Dietary Supervisor at YRCF, because she has not given Rawls an appropriate Muslim diet. Rawls claims that, during Ramadan, Muslim inmates were not provided with three full meals, as he had received while incarcerated by the Federal Bureau of Prisons. According to Rawls, the BOP provided two breakfasts and dinner. YCRCF provides only two meals, breakfast and dinner. Because of this, Rawls elected not to participate in the Ramadan fast. Rawls says that Wall declared that he was "not a real Muslim," and she began providing him a regular meal tray, including pork.

Later documents filed by Rawls added his claim against Lt. Ricky Session. Rawls says that Session is in charge of maintenance and is not putting in the proper work orders to get the showers cleaned and the sinks fixed. Rawls also contends that the lights at the facility do not work and that the lights in his zone will not turn off. He says that Warden Anderson Johnson abused his authority by entering the facility firing a shotgun, scaring Rawls. Captain Arnold is over the K-9 unit, and he conducted the search where Rawls was stripped naked.

On February 13, 2020, District Judge Carlton Reeves dismissed Rawls's claims against Larance Williams, Marilyn Hathorne, and Mail Inspector Carr. Neither Captain Arnold nor Cynthia Griffin has ever been served with process, despite the Court's ordering Rawls to provide addresses where they could be served [Docs. #26, 32, 37, 41]. The undersigned recommends that the claims against them also be dismissed. Lavonne Walls, Alva Green, Warden J. Lamar Shaw, Chaz White, Ricky Session, Warden Anderson Johnson, and Melanie Townsend remain as

3

defendants, and the claims against them include the injuries that Rawls claims he received as the result of standing naked in the shower during the 2019 shakedown, the failure of responsible officials at YCRCF to maintain the facility in an appropriate state of cleanliness and repair, the alleged disappearance of Rawls's commissary funds, firing a weapon in the facility, and the failure to provide Rawls with a Muslim diet.

All of the defendants have moved for summary judgment on the basis that Rawls failed to exhaust his administrative remedies as to his claims. Defendants Walls, Green, Shaw, White, and Session filed a joint motion [Doc. #42], Defendant Johnson filed a separate motion [Doc. #46], and Defendant Townsend also filed a separate motion [Doc. #49]. The motions attached affidavits from ARP officials describing the ARP program in effect at YCRCF and attesting that Rawls did not file grievances concerning the claims against the remaining defendants. Rawls has not responded to any of the motions or contested the facts offered in the affidavits.

Grievances at YCRCF should be submitted through the Administrative Remedy Program developed by MDOC. Inmates receive a handbook that contains information about using the ARP process. The first step of the two-step process begins when the inmate submits a written grievance within thirty days of the incident for which he seeks relief. The grievance will be screened to insure that it complies with the rules for submission and that it seeks relief that the program is authorized to give. If the grievance is accepted into the program, it will be sent to the appropriate official, who will prepare a first step response. If the inmate is not satisfied with this response, then, within five days after receiving it, he may resubmit the grievance for the second step of review. If the inmate believes that the response to that step does not sufficiently take care of his grievance, he may file suit.

The first Motion for Summary Judgment, filed by Walls, Green, Shaw, White and Session, includes an affidavit from Letresia Stewart, an ARP Investigator II who is the custodian of the ARP files for MDOC Region II, which includes YCRCF.   After reviewing Rawls's ARP files, she listed the following grievances as having been submitted:

| Date | Nature of Complaint | Result |
| --- | --- | --- |
| 11/1/2019 | That he had been granted parole and should be released | Not accepted-ARP does not handle parole matters |
| **11/19/2019** | **Complaint filed in this Court** | |
| 12/5/2019 | Continued confinement at YCRCF despite being granted parole | Warden Shaw provided first-step response; Rawls appealed; second step response exhausted claim |
| 12/18/2019 | Conflict with Property Officer Cox and Sgt. Carter and request that Carter be reassigned | Not accepted; ARP does not accept requests to discipline staff; not resubmitted |
| 12/23/2019 | Inadequate medical treatment, asked that Nurse Griffin be fired and to grant monetary compensation | Not accepted; ARP does not handle requests for staff discipline or for compensation; not resubmitted |
| 1/23/2020 | Handling of his commissary account; requested restoration of funds, information on how much he owed, commissary and that Ms. Green be replaced and investigated | Not accepted; more than one grievance; asked for staff discipline and monetary compensation; not resubmitted |
| 3/17/2020 | Inadequate medical treatment, seeking treatment and move to another facility | Placed in backlog |
| 4/6/2020 | Information on time sheet incorrect | Pending |

Melanie Townsend submitted similar affidavits from Ms. Stewart.   Warden Johnson also submitted an affidavit from Richard Pennington, the Statewide Director of the Administrative Remedy Program.   Pennington only confirmed the two grievances, dated March 17, 2020, and

5

April 6, 2020, that had been accepted into the program. According to Pennington, Rawls had no grievances on file that related to the 2019 shakedown.

As stated earlier, Rawls has not responded to the Motions for Summary Judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must view the moving party's evidence and all factual inferences from that evidence in a light most favorable to the party opposing summary judgment. *Impossible Elec. Techniques v. Wackenhut Protective Systems, Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982). Once the moving party has presented sufficient evidence that no genuine issue of material fact exists, the party opposing summary judgment has the burden of showing that a genuine issue of material fact remains. *Matsushita*, 475 U.S. at 586. The non-moving party must do more than present a simple general denial, but must respond "by affidavit or as otherwise provided in th[e] rule, [and] must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Here, the Motions for Summary Judgment allege a failure to exhaust administrative remedies related to the remaining claims in this case. The evidence before the Court shows that the only effort that Rawls made to exhaust before filing his Complaint in this Court was to submit a grievance regarding his parole date. The remaining grievances were submitted after he filed his Complaint; they were rejected as failing to comply with ARP guidelines, and there is no evidence of a resubmission after that disposition.

6

Under the Prison Litigation Reform Act (PLRA): "No action shall be brought with respect to prison ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Supreme Court has made it clear that exhaustion is an absolute prerequisite and that the administrative remedies should be invoked in a timely manner and pursued to their conclusion. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  The petitioner must have "pursue[d] the grievance remedy to conclusion"—substantial compliance with administrative procedures is not enough. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

In *Woodford,* the Court dismissed an untimely claim as unexhausted, holding "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id*. at 85. The exhaustion requirement of the PLRA attempts to reduce federal interference with the administration of state prisons.  To that end, it seeks to give prison officials time and opportunity to address complaints internally.  In a later case, the Court instructed, "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).  The Court stated, "All agree that no unexhausted claim may be considered." *Id*. at 219–20.  Where the available remedy procedure has more than one step, a prisoner has not exhausted his remedies until he has completed each one. *See Bargher v. White,* 928 F.3d 439, 447 (5th Cir. 2019); *Dillon v. Rogers*, 596 F.3d 260, 265–66 (5th Cir. 2010).

The PLRA requires a prisoner to exhaust administrative remedies *prior to* filing suit. *Rankin v. Pearson*, 612 F. App'x 204, 205-06 (5th Cir. 2015); *Smith v. Olsen*, 455 F. App'x 513, 515-16 (5th Cir. 2011).  In the absence of any evidence that Rawls properly and completely

7

exhausted any of the claims raised in this matter, the undersigned is constrained to accept the Defendants' affirmative defense of failure to exhaust administrative remedies as dispositive and recommend dismissal of this case.

For the above reasons, the undersigned Magistrate Judge recommends that the Motion for Summary Judgment filed by Defendants Lavonne Walls, Alva Green, Warden J. Lamar Shaw, Chaz White, and Ricky Session [Doc. #42], the Motion for Summary Judgment filed by Defendant Warden Anderson Johnson [Doc. #46], and the Motion for Summary Judgment filed by Melanie Townsend [Doc. #49] be granted and the claims against them be dismissed with prejudice. The undersigned also recommends that the claims against Griffin and Arnold be dismissed without prejudice, for failure to follow the Court's orders.

Rawls shall file any written objections to this Report and Recommendation within fourteen days of being served, or his case shall be dismissed without further notice. The parties are further notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; FED.R.CIV.P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 16th day of November, 2020.

                                        /s/ Linda R. Anderson
                                 UNITED STATES MAGISTRATE JUDGE